[Docket Nos. 75, 81, 83]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| NICHOLAS WALTERS,<br><br>  Plaintiff,<br><br>v.<br><br>SAFELITE FULFILLMENT, INC.,<br><br>  Defendant. | Civil No. 18-11111 (RMB-MJS)<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the filing by Defendant Safelite Fulfillment, Inc. ("**Defendant**") of a Motion to Lift the Stay of Enforcement of the Clerk's Order Taxing Costs against Plaintiff Nicholas Walters ("**Plaintiff**"). [Docket No. 81.] Plaintiff opposed Defendant's Motion and filed a Cross-Motion to Lift the Stay and Reactivate its Motion to Review and Reverse the Clerk's Order. [Docket No. 83.] Previously, the Clerk issued an Order granting Defendant's initial Motion to Tax Costs and entered judgment against Plaintiff in the amount of $15,386.15, [Docket No. 74], which Plaintiff thereafter opposed and sought to reverse by filing its Motion to Review and Reverse the Clerk's Order, [Docket No. 75]. On July 7, 2022, observing Plaintiff's Notice of Appeal regarding the Court's Order of April 30, 2021, the Honorable Matthew J. Skahill, U.S.M.J., stayed enforcement of the Clerk's Order and administratively terminated Plaintiff's Motion to Review and Reverse the Clerk's

Order pending disposition of Plaintiff's appeal by the Third Circuit Court of Appeals and further order of this Court. [*See* Docket No. 79.] Following the Third Circuit's judgment and mandate, [Docket Nos. 79, 80], the parties' pending Motions followed. As there is no dispute that the issue of taxing costs is now ripe for review, [*see* Def.'s Reply Br., Docket No. 84 (indicating same)], the Court focuses its discussion here on Plaintiff's Motion to Review and Reverse the Clerk's Order.

## I.

In his Motion to Review and Reverse the Clerk's Order, Plaintiff argues that the Clerk's Order should be reversed because state law discourages an award of costs against plaintiffs in employment litigation matters unless the adjudicating court first determines that the plaintiff's claim is frivolous or pursued in bad faith, [*see* Pl.'s Br. at 5–9, Docket No. 75-2 (citing New Jersey cases construing New Jersey's Law Against Discrimination)], and he contends that Defendant is not entitled to costs for all of the deposition transcripts that Defendant used in support of its motion for summary judgment, [*id.* at 14]. Additionally, he argues that he is unable to pay the costs assessed against him in any case. [*Id.* at 9–13, Docket No. 75-2; *see also* Pl.'s Br. 3–4, Docket No. 83-1.] In support of his third argument, he indicates that his monthly expenses exceed his current monthly income; that he has approximately $20,000 of debt; that he owns no assets, besides a vehicle that his ex-wife possesses, and has negligible savings; that he is recently divorced and responsible for paying about a quarter of his income in child support; and that he does not expect any material increase in his income in the future. [*See* Certification of Nicholas Walters, Docket

No. 75-1; *see also* Certification of Nicholas Walters, Docket No. 83-2.] He has attached detailed schedules of current expenses. [*See id.*] On this basis, Plaintiff asserts that the Court may reverse the Clerk's Order and exempt him from paying the costs taxed. [See Pl.'s Br. at 9, Docket No. 75-2; Pl.'s Br. at 3, Docket No. 83-1.]

In opposition, Defendant argues that there is no "frivolous conduct" requirement to recover costs under Rule 54, that recovery of costs associated with the eighteen (18) deposition transcripts that Defendant used to support its motion for summary judgment is appropriate, and that Plaintiff has not established an inability to pay the assessed costs in the future. [Def.'s Opp'n 4–10, Docket No. 76.]

## II.

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). To obtain costs, the prevailing party must file with the Clerk of the Court a Bill of Costs and Disbursements thirty (30) days after the entry of judgment. L. CIV. R. 54.1(a). Only the following costs are reimbursable:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under Section 1923 of this title; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this title.

3

28 U.S.C. § 1920; *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 n.2 (3d Cir. 2010). On such application, the Clerk of the Court may tax costs, and the Court may review the Clerk's Order on motion by a dissatisfied party. FED. R. CIV. P. 54(d)(1); L. CIV. R. 54.1(a). Where the prevailing party demonstrates that a cost is taxable, the Court should generally grant the application unless the party can show with appropriate evidence why the cost should be denied or reduced. *Reger*, 599 F.3d at 288–89.

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable, 28 U.S.C. § 1920(2), which courts generally interpret to mean that a deposition taken must have appeared "'reasonably necessary' to the part[y] in light of a particular situation existing at the time[] [it] w[as] taken." *Thabault v. Chait*, 2009 WL 69332, at *7 (D.N.J. Jan. 7, 2009) (quoting *Datascope Corp. v. SMEC, Inc.*, 1988 WL 98523, at *3 (D.N.J. Sept. 15, 1988)); *see also Care One Mgmt., LLC v. United Healthcare Workers East, SEIU 1199*, 2020 WL 3482134, at *4 (D.N.J. (June 26, 2020) (denying challenge to taxing costs associated with obtaining depositions where based upon hindsight, not reasonable expectation at time depositions were taken); *In re Processed Egg Prods. Antitrust Litig.*, 2022 WL 3030525, at *3 (E.D. Pa. July 29, 2022) (taxing costs of depositions that appeared at the time to be relevant to litigant's defense). In other words, a deposition is taxable unless it is "virtually irrelevant" to the case. *Chait*, 2009 WL 69332, at *9.

Ultimately, Rule 54 creates a "strong presumption" that costs are to be awarded to the prevailing party. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000) (citation and internal quotation marks omitted). However, where a party is

4

indigent or "unable to pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing party from paying costs." *Id.* at 464.  Courts that have exempted a party from paying costs based on indigency or an asserted inability to pay have focused on various facts, including a party's demonstrated inability to work, lack of assets, minimal income, and substantial debts.  *See, e.g.*, *Bolden v. Beiersdorf, Inc.*, 2022 WL 4777800, at *2 (S.D. Ill. Oct. 3, 2022); *Cramer v. Equifax Info. Servs., LLC*, 2020 WL 887996, at *2 (E.D. Mo. Feb. 24, 2020); *Germinaro v. Fidelity Nat'l Title Ins. Co.*, 2019 WL 3460039, at *4 (W.D. Pa. July 31, 2019); *Ryan v. City of Salem*, 2017 WL 3388173, at *2 (D. Or. Aug. 4. 2017); *Fitchett v. Stroehmann Bakeries, Inc.*, 1996 WL 47977, at *2 (E.D. Pa. Feb. 5, 1996).  Still, a court may award costs to a prevailing party even after determining that the losing party is indigent.  *Camesi v. Univ. of Pittsburg Med. Ctr.*, 753 F. App'x 135, 141–42 (3d Cir. 2018).

### III.

Here, Plaintiff's first argument must be rejected.  He cites no cases for the proposition that assessing costs against him **under Rule 54(d)(1)** requires this Court to first determine that his claims were frivolous or pursued in bad faith, nor is the Court aware of any such cases.  Rule 54 is clear: "Unless a federal statute, [the Rules of Civil Procedure], or a court order provides otherwise," costs are to be awarded to the prevailing party.  FED. R. CIV. P. 54(d)(1).  The Rule makes no allowance for state law that provides otherwise.  Accordingly, the Court rejects Plaintiff's first argument.

5

Next, the Court finds Plaintiff's second argument unpersuasive. He contends that "the simple act of citing to a deposition" in support of a motion for summary judgment "should not automatically result in an award of costs." [Pl.'s Br. 14, Docket No. 75-2.] Specifically, he argues that Defendant made insufficient use of the deposition transcripts of Nicholas Moran and Stephen McCafferty and cited to their transcripts in bad faith, "for the sole purpose of an application of costs." [*Id.* at 15.] Initially, the Court observes that there is no evidence in the record of Defendant's bad faith, especially where Plaintiff is the party who sought and obtained permission to exceed the standard number of depositions over Defendant's objection. [See Docket Nos. 54, 55, 56.] Plaintiff cannot now avoid the costs associated with Defendant's use of these deposition transcripts.

Additionally, the inquiry as to whether a deposition transcript is taxable where a party uses the transcript in support of a motion for summary judgment is not whether the moving party made a "sufficient use" of the transcript. Rather, the party need only use the deposition transcript in support of its motion. *See In re Baby Food Antitrust Litig.*, 166 F.3d 112, 138–39 (3d Cir. 1999) ("Section 1920 has been interpreted as permitting the taxation of costs for depositions used in deciding summary judgment motions. This makes common sense, for to hold otherwise would penalize the prevailing party for winning in the early stages of the proceedings.") (citation omitted). In this instance, Defendant adequately explains that "[c]iting the depositions allowed [it] to establish that the New Jersey actors relevant to the case did not play a role in Plaintiff's termination." [Def.'s Opp'n 7, Docket No. 76.] Thus, the Court will not reverse the

Clerk's Order taxing costs to Plaintiff for the deposition transcripts of Moran and McCafferty.

Furthermore, Plaintiff disputes that Defendant is entitled to costs for the deposition transcripts of Dale Sweigart and Gregory Manning because their depositions were taken for use in the related *Manning* Action and were thus not incurred in connection with the above-captioned matter. [*Id.* at 16.] He also submits that many of the other deposition transcripts that the Clerk deemed taxable should be paid for by Defendant for the same reason, though he does not identify them with additional specificity, [*id.* at 17], and he seems to suggest that the Court should divide the cost of each deposition between the parties on a page-by-page basis, depending on whether the portion cited was necessary for use in Defendant's motion for summary judgment, [*id.* at 17–18]. Both of these arguments must be rejected. Defendant made use of the deposition transcripts of Sweigart and Manning in connection with his summary judgment motion *in this action*, and courts have taxed costs against the losing party in analogous situations. *See Keystone Consol. Indus., Inc. v. Employers Ins. Co. of Wausau*, 2005 WL 8163152, at *4 (C.D. Ill. Nov. 23, 2005) (awarding costs for reproducing a copy of depositions taken in prior litigation). So the Clerk appropriately taxed costs to Plaintiff. *See In re Baby Food Antitrust Litig.*, 166 F.3d at 138–39. Additionally, the Court has found no support for the proposition that costs for a deposition must be allocated among the parties on a page-by-page basis, so the Court rejects this argument as well.

Finally, the Court addresses Plaintiff's third argument that he should be exempted from paying the costs taxed because of his asserted inability to pay. To be sure, Plaintiff has presented some evidence of financial hardship. His current expenses exceed his current income, and he has a high debt-to-total-assets ratio. The Court is sympathetic to Plaintiff's circumstances. However, the Court is not satisfied with his assertion that he is unable to pay the taxed costs *in the future*. Plaintiff is gainfully employed and appears to be in good physical and mental health. Courts that have exercised their discretion to exempt a losing party from paying costs *altogether* have typically done so where a party can demonstrate an inability to pay in the future due to, for instance, the party's disability or inability to work. *See, e.g.*, *Germinaro*, 2019 WL 3460039, at *3 (collecting cases for the proposition that "courts have repeatedly found that a part[y's] inability to work due to mental or physical incapacity is a reason to reduce costs"). Accordingly, while the Court will not exempt Plaintiff from paying the costs taxed altogether, the Court determines that the equities, on balance, weigh in favor of affording Plaintiff flexibility to pay the costs on a stipulated schedule.

## IV.

Therefore, for the reasons set forth above, and for good cause shown,

**IT IS** on this **18th** day of **May 2023**, hereby

1.  **ORDERED** that Defendant's Motion to Lift the Stay of Enforcement of the Clerk's Order Taxing Costs Against Plaintiff [Docket No. 81] is **GRANTED**, **IN PART**, and **DENIED**, **IN PART**; and it is further

2. **ORDERED** that Plaintiff's Cross-Motion to Lift the Stay and Reactivate its Motion to Review and Reverse the Clerk's Order is **GRANTED**; and it is further

3. **ORDERED** that the Clerk of the Court shall **REACTIVATE** Plaintiff's Motion to Review and Reverse the Clerk's Order [Docket No. 75] to the Court's active docket; and it is further

4. **ORDERED** that Plaintiff's Motion to Review and Reverse the Clerk's Order is **GRANTED**, **IN PART**, and **DENIED**, **IN PART**; and it further

5. **ORDERED** that the Stay of the Clerk's Order [Docket No. 74] is **LIFTED** and Plaintiff shall pay Defendant the costs taxed; and it is further

6. **ORDERED** that, notwithstanding the foregoing, the parties shall meet and confer in order to propose a stipulated payment schedule of the taxed costs that affords Plaintiff a reasonably necessary amount of time to complete payment in installments; and it is further

7. **ORDERED** that the parties shall notify the Court by letter jointly submitted on the docket within fifteen (15) days following the date hereof of their proposed payment schedule for the Court to approve and that, should the parties fail to reach a resolution of this issue, the Court will order Plaintiff to pay the taxed costs by a reasonable date certain; and it is finally

8. **ORDERED** that the Clerk of the Court shall **CLOSE** this case.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge